# U. S. DISTRICT COURT.

## In the matter of SEPTIMUS E. SWIFT, Bankrupt.

The provisions of § 33 of the bankruptcy act as amended July 14, 1871, providing for the discharge of the bankrupt from all debts contracted prior to the first day of January, 1869, construed.

A tenant on the 1st day of May, 1868, surrendered his lease. which had another year to run, under a bargain that the landlord should rent the premises for the remainder of the term for what he might be able to get for them, and apply the rent to the credit of the tenant, and that the tenant should pay to the landlord such sum as the rent so received by him subsequent to such surrender should fall short of the rent reserved in the lease so surrendered with interest on quarterly deficits from the close of each quarter respectively.

At the end of the year a considerable amount having so become due, the landlord recovered a judgment therefor. After the recovery of this judgment, the bankrupt filed his petition in bankruptcy.

*Held*, that the claim was contracted prior to January 1st, 1869, to wit: on the day of surrendering the lease and entering into the contract to pay the deficiency of rent.

*Southern District of New York.*

At Chambers, 4 Warren Street, in the city of New York, in said district, on the 27th day of November A. D., 1872.

I, ISAIAH T. WILLIAMS, the register in charge of the above entitled matter, do hereby certify, that Septimus E. Swift, the abovenamed bankrupt, has in all things conformed to his duty under the act of congress entitled "an act to establish a uniform system of bankruptcy throughout the United States, approved March 2d, 1867," and has conformed to all the requirements of the said act, *unless* the district judge should be of opinion that a certain judgment against the bankrupt, recovered by Mr. Goold Hoyt, executor, &c., amounting to $9,144 43, on the first day of April, 1871, duly proved against the estate of the bankrupt, on the 2d day of January 1872, be a debt "*contracted*" subsequently to the first day of January, 1869. The judg-

ment in question arose out of the following facts. In April 1865, the bankrupt leased of the creditor, Mr. Hoyt, executor, &c., certain premises situate in the city of New York, for the term of five years, from May 1st, 1865, reserving rent payable quarterly. In May, 1868, the tenant surrendered, and the landlord accepted the surrender of, the lease under a contract or agreement that the landlord should let the premises in question during the remainder of the term, for the most he could obtain therefor, and that at the expiration of the time, the bankrupt should pay to the creditor such sum as the rent, so received by him since such surrender, should fall short of the rent reserved in the lease, with interest on quarterly deficits from the close of each quarter respectively.

At the termination of the lease there was a large deficiency which was prosecuted to judgment as above stated.

There can be no doubt that the judgment, as it was obtained prior to the filing of the petition in bankruptcy, is provable against the estate, and that the judgment creditor can be heard to object to the discharge.

The only question presented is, was that debt contracted prior to January 1st, 1869 ? The decision *in re Williams* (2 *B. R.*, 79), and the decision *in re Gallison et al.* (5 *B. R.*, 353), arose upon the question whether a judgment creditor whose judgment was obtained after the filing of the petition in bankruptcy, is a debt provable against the estate of the bankrupt.

It was held in these cases that such a debt was not provable against the estate or payable out of the assets of the bankrupt, but that it was a debt which accrued after the filing of the bankrupt's petition and would be unaffected by his discharge even though the claim upon which the judgment was founded were owing and due before the filing of the petition in bankruptcy. The ground of this decision was that the claim upon which the judgment was founded was extinguished by the judgment.

Assuming that the bankruptcy act requires such a construction, I do not think the court should feel compelled under these authorities to hold that the claim in this case was *contracted* by the judgment rendered thereon even though a judgment be conceded to be a contract between the parties.

The act, as amended July 14, 1871, uses the word " contracted," in contradistinction to the word, accrued, or the phrase, became due or payable. A debt would seem to be contracted, when the contract under which it becomes due or payable is made. Even a liability to pay rent is contracted when the lease is executed, for it is under that contract, and under that alone, that the rent becomes payable. But in the present case if the debt in question were not contracted at the time the lease was made in 1865, how can it be denied that it was contracted in May, 1868, when the bankrupt surrendered the lease and contracted, in consideration of its acceptance, that he would pay, at its expiration, such sum as the rent the landlord might receive for the use of the premises should fall short of the rent reserved in the lease; all the consideration there was for this promise, was the acceptance of the surrender of the lease by the landlord, and this consideration passed at the time the contract was made. The fact that the amount of the liability was not then, and could not then, be ascertained, did not render the contract incomplete or in any wise invalid. The amount was the only thing that was left to any uncertainty, but (it was capable of being reduced to certainty before it should fall due) such uncertainty has never been thought to have the effect to render the contract incomplete.

It is still strenuously urged by the counsel for the creditor that the decisions above referred to are in point, and establish the doctrine that a debt evidenced by a judgment bears date to all intents and purposes as of the time or docketing the judgment.

It is argued, that these decisions establish the doctrine that

a simple contract is extinguished by a judgment recovered thereon, as a matter of law and that what is extinguished by law, cannot legally be a debt or a contract, of which the law can take notice.

It is argued that if a debt, due prior to bankruptcy but upon which a judgment is docketed after bankruptcy, be so extinguished that the court in bankruptcy can take no notice of it as a debt against the estate of the bankrupt, then, *a fortiori*, a contract made prior to January 1st, 1869, for the payment of money, the amount of which is contingent upon events to occur after January, 1869, cannot but be extinguished by a judgment obtained after the period in question. *In re Gallison*, the learned judge speaks of the judgment as a "new contract" which operates to extinguish the former contract, and it is argued that congress in the amendment above referred to, could not have referred to an *extinguished* contract.

To all this it may be answered, that the decisions, referred to, are not quite in point. They do not decide that the debt evidenced by a judgment was not contracted prior to the rendition of such judgment. Even the application of the doctrine of those cases to the facts before these courts respectively, is exceedingly questionable as a matter of authority. An opposite doctrine is held in the following cases: *Harrington* agt. *McNaughton*, (20 *Vt.*, 293); *Downer* agt. *Rowell* (26 *Vt.*, 397); *Dresser* agt. *Brooks* (3 *Barb.*, 429); *Fox* agt. *Woodruff* (9 *Barb.*, 498); *Church* agt. *Rawling* (3 *N. Y.*, 216). The doctrine of the case of *Williams* above referred to, was dissented from by this court, *in re Brown* (3 *B. R.*, 145). This decision was followed substantially by WHITNEY, *J. in re Vickery*, and by LONGYEAR, *J*, *in re Crawford* (3 *B. R.*, 171). The doctrine that a judgment extinguishes the simple contract upon which it is founded, is simply a principle of evidence. In *Clark* agt. *Rawling*, (3 *N. Y.*, 216), the court held that "a judgment upon a contract technically merges the demand, but not in so

complete a sense that the court cannot look behind it for the purpose of protecting equitable rights of the parties especially in cases of insolvency and bankruptcy." A similar doctrine is affirmed in 12 *Pick*, 572; 1 *Cow.*, 316; 3 *Barb.*, 429; 3 *Barb. Ch.*, 360; 3 *Cow.*, 147. To say that the debt in question was not contracted in May, 1868, but that it was contracted on the day judgment was docketed upon it in the office of the clerk, would not square with the common sense of mankind.

I, therefore, certify, that Septimus E. Smith, the above uamed bankrupt, has in all things conformed to his duty under the act of Congress entitled "An act to establish a uniform system of bankruptcy throughout the United States, approved March 2, 1867," and has conformed to all the requirements of the said act, except in the particulars covered by the specifications of objections to the discharge of said bankrupt filed by the said Goold Hoyt, executor, &c., a creditor as aforesaid.

All of which is respectfully submitted.

F. M. Scott, *for creditor.*
H. W. Fowler, *for the bankrupt.*

Blatchford, *J.*—In this case I am of opinion that the debt due to Goold Hoyt, executor, &c., represented by the judgment recovered April 1, 1871, and from which debt the bankrupt seeks a discharge, was contracted prior to the 1st day of January, 1869, namely, when the agreement of May, 1868, was made.

The case will, therefore, stand for hearing on the specifitions filed by said creditor.